### PEOPLE v. SCHARFSTEIN.

(Supreme Court, Appellate Division, Second Department. May 29, 1914.)

PERJURY (§ 29*)—INDICTMENT—INSTRUCTIONS.

    One indicted for perjury for the giving of false testimony on the trial of a third person cannot be convicted of perjury for giving false testimony before the grand jury indicting the third person, and a charge that it does not make any difference whether accused committed perjury before the grand jury or at the trial is erroneous.

    [Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 97–106; Dec. Dig. § 29.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Kings County Court.

David Scharfstein was convicted of perjury, and he appeals. Reversed, and new trial ordered.

See, also, 148 N. Y. Supp. ——.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Nathan D. Shapiro, of Brooklyn, for appellant.

Edward A. Freshman, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for respondents.

PER CURIAM. This indictment having charged the defendant with false testimony on the trial of People v. Kleinberg, the proof was that the defendant had testified before the grand jury that he had a look at the faces of persons whom he identified as coming out of the cellar right after the burglary. Being called at the Kleinberg trial, he contradicted this testimony before the grand jury, and declared that he did not see the faces. After the jury had gone out, they returned and inquired of the court as follows: "In our consideration of the evidence in this case, does it make any difference whether the defendant committed perjury before the grand jury or at a subsequent trial of this defendant?" To this request the court replied, "No, you may predicate perjury on either."

This was error. Under this indictment defendant could not have been convicted of perjury for his testimony before the grand jury. The indictment charged the crime in falsely testifying at the trial. Proof that he falsely testified at a time and place other than that specified in the indictment did not prove the offense charged, and deprived the defendant of his constitutional right. Under this instruction defendant could be, and presumably was, convicted of perjury founded on his testimony at a time and place not set forth in the indictment.

For this error the judgment of the County Court of Kings County must be reversed, and a new trial ordered.